IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

HAROLD G. ROBY                                                      PLAINTIFF

V.                                                           NO: 1:22CV79-GHD-DAS

LACOSTA, INC.                                                  DEFENDANT

### ORDER

This matter is before the Court on Defendant LaCosta, Inc.'s Motion to Dismiss [7]. Plaintiff has not responded in opposition to the present motion, and upon due consideration of the motion and applicable authority, the Court is prepared to rule.

### Factual and Procedural Background

Roby filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 20, 2020. The EEOC charge was not attached to the complaint as required, however the charge was later presented to the Court by LaCosta with the motion to dismiss. [7]. Although the charge was not attached to the complaint and used by the Court in ruling upon this motion, the motion remains a 12(b)(6) motion to dismiss as Roby was required to, but failed, to attach a copy of the charge to the complaint. Roby's EEOC charge alleges racial harassment and discrimination.

On January 28, 2022, the EEOC issued its notice to LaCosta of the right to sue. Roby filed the complaint in this case on June 10, 2022, which is 133 days after the right to sue was issued by the EEOC.

### Standard

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus.,*

1

*Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The Court accepts all well-pleaded facts in the complaint as true and views those facts in the light most favorable to the Plaintiff. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). Since *Iqbal*, however, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the

likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n. 44 (5th Cir. 2011).

## Analysis

LaCosta argues that Roby failed to bring suit within ninety days of receiving the right to sue from the EEOC as required under Title VII. Title VII provides that claimants have ninety days to file a civil action after receipt of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir.1982). "This requirement to file a lawsuit within the ninety-day limitation period is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). "Courts within this Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired." *Id.* at 379 (citing *Butler v. Orleans Parish School Board*, No. Civ. A. 00–0845, 2001 WL 1135616 (E.D.La. Sept.25, 2001)).

Roby acknowledges in the complaint that a Notice of Right to Sue was received from the EEOC, however a date of receipt is not provided. The EEOC issued the right to sue on January 28, 2022, and Roby does not allege that the letter was improperly sent. The Fifth Circuit has previously allowed a maximum seven days after the EEOC mailed the right to sue notice letter before there is a presumption of receipt, and this Court will follow that guidance. *Id.* at 379-380.

Allowing seven days before presuming receipt of the right to sue after its issuance has the ninety-day limitation period beginning on February 4, 2022. Roby then had ninety days, until May 5, 2022, to file suit. However, Roby filed suit past this deadline on June 10, 2022, and thus Roby's claim is untimely.

3

## Conclusion

Accordingly, this action is time-barred, and for the reasons stated above, the Court finds that the Defendant's Motion to Dismiss [7] shall be GRANTED. The Plaintiff's complaint is DISMISSED and this case is CLOSED.

SO ORDERED, this the 21st day of February, 2022.

                                                                             SENIOR U.S. DISTRICT JUDGE